UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN A. BLAISDELL, | )<br>) |
| Petitioner, | )   3:08-cv-00094-LRH-VPC<br>) |
| vs. | )   ORDER<br>) |
| HOWARD SKOLNIK, *et al.*, | )<br>) |
| Respondents. | )<br>/ |

This action proceeds on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by petitioner Stephen A. Blaisdell, a Nevada prisoner. Before the Court is respondents' motion to dismiss (docket #16).

**I.   Procedural History**

Petitioner was charged on April 25, 1989, in the Second Judicial District Court for Washoe County, with larceny from the person (count I), first degree kidnapping (count II), attempted robbery (count III), four counts of sexual assault (counts IV, V, VI, and VII), and possession of a controlled substance (count VIII). Exhibit 3.[1] On August 22, 1989, petitioner entered into a guilty plea to count II, first degree kidnapping, and count VI, sexual assault. Exhibit 10. The other pending counts were to be dismissed. *Id.* The state district court canvassed petitioner with respect to the plea, and accepted the guilty plea. *Id.* The state district court sentenced petitioner to eighteen years in prison

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss the petition for writ of habeas corpus, and are located in the record at docket #17.

for count II, and to life imprisonment with the possibility for parole for count VI, to run consecutively with count II. Exhibit 12. A judgment of conviction was entered on October 25, 1989. Exhibit 13.

On October 9, 1996, petitioner filed a notice of appeal with the Nevada Supreme Court. Exhibit 16. The Nevada Supreme Court dismissed the appeal as untimely, and determined that petitioner's claim that he was not informed of his right to appeal would be properly raised in a habeas corpus petition. Exhibit 18. Remittitur issued on December 24, 1996. Exhibit 20. Petitioner filed a state habeas corpus petition on March 21, 2006, alleging that he was denied his constitutional rights when the state used a later amended version of NRS 213.108 to prevent his release on parole, in violation of the Ex Post Facto Clause. Exhibit 22. Essentially petitioner was challenging the change in the number of votes required to grant parole. *Id.* The state district court denied the petition. Exhibit 35.

Petitioner appealed the lower court's denial, and the Nevada Supreme Court affirmed the state district court's denial, finding there was no ex post facto clause violation. Exhibits 36 and 43. Remittitur issued on July 17, 2007. Exhibit 47. Petitioner mailed a federal habeas corpus petition to this Court on February 14, 2007 (docket #7). Respondents have moved to dismiss the petition (docket #16). Petitioner opposes the motion to dismiss (docket #19).

**II. Discussion**

   **A. Exhaustion**

A state prisoner must exhaust all available state remedies prior to filing a federal habeas corpus petition. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). The state courts must be given a fair opportunity to act on each claim before those claims are presented in a habeas petition to the federal district court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). Furthermore, a claim will remain unexhausted until a petitioner has sought review from the highest available state court through direct appeal or collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court" in order to allow a state court to correct violations of federal rights. *Picard v. Connor*,

404 U.S. 270, 276 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. S*ee also Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (stating the "mere similarity between a claim of state and federal error is insufficient to establish exhaustion").

Furthermore, a claim is not exhausted unless a petitioner has fairly presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (citing *Bland v. California Dept. of Corrections*, 20 F.3d 1294, 1295 (9th Cir. 1982), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000) (*en banc*)). Exhaustion is not met if a petitioner presents to the federal court facts or evidence which place the claim in significantly different posture than it was in the state courts, or where different facts are presented to the federal court to support the same theory. *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Johnstone v. Wolff*, 582 F.Supp 455, 458 (D. Nev. 1984).

**B**. **Ground Two**

In ground two petitioner alleges that his judgment of conviction is in violation of his Fourteenth Amendment rights to due process as the state used an amended version of NRS 213.108 to prevent his release on parole, as opposed to using the version of NRS 213.108 that was in effect at the time he was convicted. Respondents argue that this ground for relief is unexhausted as the claim was never presented to the Nevada Supreme Court.

Petitioner alleged in his state petition the following claim:

> Petitioner was denied his constitutional rights when respondent used a later amended version of NRS 213.108 to prevent his release on parole after petitioner had received three votes to grant parole as required for parole under former NRS 213.108 (1987) in effect at the time of petitioner's offense, conviction and sentence, thereby increasing the measure and degree of punishment imposed upon petitioner under the law in effect at the time of the offense, conviction and sentence, in violation of the Ex Post Facto Clause of the United States Constitution, Article 1, Subsection 10, Clause 1 and/or the Due Process Clause of the Fourteenth

3

Amendment to the United States Constitution. Exhibit 22. While petitioner did raise his claim as a violation of the Ex Post Facto Clause and as a violation of the Due Process Clause of the Fourteenth Amendment, the Nevada Supreme Court addressed the claim only as it related to the Ex Post Facto Clause. Exhibit 43. The Nevada Supreme Court did not address the issue of whether the state's use of a later version of NRS 213.108 violated petitioner's Fourteenth Amendment right to due process. Therefore, respondents' argument is correct, and this ground remains unexhausted as the same legal theory was not addressed in the Nevada Supreme Court. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Tamalini*, 249 F.3d at 898.

Moreover, while petitioner did cite to the Fourteenth Amendment in his state petition, none of the arguments contained in the petition or the memorandum of law related to a violation of due process. Exhibits 21 and 22. The arguments petitioner raised all related to whether the use of the later version of NRS 213.108 violated the Ex Post Facto Clause. [G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000). Ground two is unexhausted.

**C. Ground Three**

In his third ground for relief petitioner alleges that his judgment is in violation of his Fourteenth Amendment due process rights and the Ex Post Facto Clause. Petitioner specifically states that NRS 213.108 was not interpreted subject to the rule of lenity. Respondents argue that this ground for relief is unexhausted. Respondents' arguments are correct. This ground was not raised in petitioner's state habeas corpus petition. Exhibits 21 and 22. Moreover, the Nevada Supreme Court, in its order of affirmance, did not address the rule of lenity, and whether the use of a later amended version of NRS 213.108 violated the rule of lenity. Exhibit 43. Petitioner's sole claim in the state courts was whether the use of the later version of NRS 213.108 violated the Ex Post Facto Clause. Exhibits 21, 22 and 43. Ground three remains unexhausted as petitioner has not sought review from the highest available state court through direct appeal or collateral review proceedings. *See Casey v. Moore*, 386 F.3d at 916.

**IV. Petitioner's Mixed Petition**

This Court has determined that grounds two and three are unexhausted. A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #16) is **GRANTED IN PART AND DENIED IN PART.** The Court finds that grounds two and three are unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for

5

a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. Petitioner shall thereafter have **twenty (20) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED this 6th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE